## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUZANNE DOWNEY,<br>on behalf of Plaintiff and the class<br>members defined herein,<br><br>        Plaintiff,<br><br>vs.<br><br>ATI HOLDINGS, LLC,<br>doing business as ATI Physical Therapy;<br>and CHEROKEE FUNDING II, LLC,<br>doing business as Gain Servicing,<br><br>        Defendants. | Case No. 25-cv-5785 |

## <u>DEFENDANT ATI HOLDINGS, LLC'S NOTICE OF REMOVAL</u>

Defendant, ATI Holdings, LLC d/b/a ATI Physical Therapy ("ATI"), pursuant to 28 U.S.C. §§ 1331, 1441, 1446, 1367, and 29 U.S.C. 1132(a), and, with the written consent of co-Defendant, Cherokee Funding II, LLC ("Cherokee Funding"), files this Notice of Removal.

1.      Plaintiff, Suzanne Downey, instituted this putative class action on behalf of herself and others allegedly similarly situated against ATI and Cherokee Funding in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2025-CH-02031, (the "State Court Action"), by filing the Class Action Complaint on February 20, 2025.

2.      As a participant in an employee welfare benefit plan (the "Plan") governed by The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*., ("ERISA"), Plaintiff challenges the statutory lien that ATI, a medical provider, placed on the proceeds of her settlement with a third-party tortfeasor.

3.     The Class Action Complaint initially contained causes of action against Defendants for: (1) Declaratory Relief; (2) the Illinois Consumer Fraud Act, 815 ILCS 505/2; and (3) Tortious Interference.

4.     ATI filed a motion to dismiss the Class Action Complaint in the State Court Action because, among other things, the claims asserted relate to an ERISA-governed employee welfare benefit plan and, thus, were defensively preempted by ERISA. *Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 96-97 (1983).  However, because complete preemption did not exist, the State Court Action when initially filed was not removable. *See, generally, Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (two-part test for complete preemption under ERISA); *CEP Am.-Illinois v. Cigna Healthcare of Ill., Inc*., 2024 U.S. Dist. LEXIS 149539 (N.D. Ill. 2024) (finding no federal question jurisdiction under separate test for complete preemption).

5.     On May 12, 2025, Plaintiff filed a Motion for Leave to File Amended Complaint and to File Portions of it Under Seal, (the "Motion for Leave"), with the Circuit Court. The Circuit Court granted the Motion for Leave on May 15, 2025. Therefore, the Amended Complaint – Class Action, (the "Amended Complaint"), was deemed filed on May 15, 2025.

6.     The Amended Complaint contains the following causes of action against Defendant: (1) Declaration of Rights under Contract and Lien; (2) Breach of Contract; (3) the Illinois Consumer Fraud Act, 815 ILCS 505/2; (4) Tortious Interference as to Plaintiff's settlement agreement with the third-party tortfeasor); (5) Tortious Interference as to the  Plan; and (6) an ERISA claim under 29 U.S.C. § 1132(a)(1)(B) "to enforce [Plaintiff's] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan."

7.     Filing of the ERISA claim in Count VI of the Amended Complaint rendered the State Court Action properly removable to this Court under 28 U.S.C. § 1441.

8.     This Notice of Removal, thus, is timely under 28 U.S.C. § 1446 because ATI filed it within 30 days of the filing of the Amended Complaint on May 12, 2025, which paper provided ATI with its first notice that Plaintiff was raising a claim which provided this Court with federal question (removal) jurisdiction under 28 U.S.C. § 1331, and less than a year after the commencement of the State Action..

9.     This Court has original jurisdiction over Count VI of the Amended Complaint under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a). *Accord Davila*, 542 U.S. at 207.

10.     This Court should exercise supplemental jurisdiction over Counts I through V of the Amended Complaint because the allegations predicating those claims and Count VI "derive from a common nucleus of operative facts," *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966), and are so closely related to and, in fact, inextricably intertwined with the ERISA claim so as to form part of the "same case or controversy" under 28 U.S.C. § 1367. *See, generally, Neurological Res., P.C. v. Anthem Ins. Cos.*, 61 F. Supp. 2d 840, 843 n.1 (S.D. Ind. 1999) ("This court has subject matter jurisdiction over all the claims arising from insurance policies governed by ERISA. The claims arising from insurance policies not governed by ERISA are within this court's supplemental jurisdiction under 28 U.S.C. § 1367(a)."); *Carmel Specialty Surg. Ctr. v. United Healthcare Servs*., 2016 U.S. Dist. LEXIS 60108, at *4–7 (S.D. Ind. May 3, 2016) (exercising supplemental jurisdiction over state law claims where, as here, there was "at least one claim that is preempted by ERISA[.]").[1] Even a loose factual connection is sufficient to confer jurisdiction. See Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995).

---

[1] In fact, Counts I, II, III, and V of the Amended Complaint relate to the Plan and, thus, are defensively preempted by ERISA.

3

11.     Venue is proper in this District because Cook County, in which the State Court Action is pending, is within the jurisdictional confine of this Court. *See* 28 U.S.C. §§ 1441(a), 1446(a).

12.     ATI has fully complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

13.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and papers served on ATI are attached as **Composite Exhibit A**.

14.     Likewise, a copy of the Consent to Removal of the State Court Action by Cherokee Funding is attached as **Exhibit B**.

15.     In accordance with 28 U.S.C. § 1446(d), ATI will provide this Notice of Removal to Plaintiff and Cherokee Funding, through their respective counsel in the State Court Action, and contemporaneously will file a copy of this Notice of Removal in the Circuit Court of Cook County, Illinois, in which the State Court Action was pending.

16.     ATI also contemporaneously files a Civil Cover Sheet and Notification as to Affiliates pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 3.2 with this Notice of Removal.

WHEREFORE, Defendant ATI Holdings, LLC d/b/a ATI Physical Therapy, respectfully requests that this Court accept the removal of this action to the United States District Court for the Northern District of Illinois, exercise jurisdiction over this action, and grant any other relief that it deems proper.

Dated: May 23, 2025

Respectfully Submitted,

By:

/s/ Kevin M. O'Hagan
One of the Attorneys for Defendant
ATI Holdings, LLC, doing business as
ATI Physical Therapy

Kevin M. O'Hagan
Nitika Suchdev
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
kohagan@ohaganmeyer.com
nsuchdev@ohaganmeyer.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 23, 2025, the foregoing Defendant ATI Holdings, LLC's Notice of Removal was filed with the Clerk of Court via the Court's electronic filing system, and served upon all counsel of record via Statutory Electronic Service as follows:

Daniel A. Edelman
Dulijaza (Julie) Clark
**EDELMAN, COMBS,**
**LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com
Dedelman@edcombs.com
Jclark@edcombs.com

*Counsel for Plaintiff*

Joseph D. Kern
John P. Ryan
Peter Pederson
Liam A. McGing
**HINSHAW & CULBERTSON LLP**
151 N. Franklin St., Ste. 2500
Chicago, IL 60606
jryan@hinshawlaw.com
ppederson@hinshawlaw.com
jkern@hinshawlaw.com
lmcging@hinshawlaw.com

*Counsel for Cherokee Fundings II, LLC*

Dated: May 23, 2025

*/s/ Kevin M. O'Hagan*
Kevin M. O'Hagan

6