UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUZANNE DOWNEY, ) <br> on behalf of Plaintiff and a class, ) <br> ) <br> Plaintiff, ) <br> ) No. 25-cv-5785 <br> v. ) <br> ) Judge April M. Perry <br> ATI HOLDINGS, LLC, ) <br> doing business as ATI Physical Therapy; ) <br> and CHEROKEE FUNDING II, LLC, ) <br> doing business as Gain Servicing, ) <br> ) <br> Defendants. ) | |

**OPINION AND ORDER**

Suzanne Downey ("Plaintiff") brings this case against ATI Holdings, LLC ("ATI Holdings") (d/b/a ATI Physical Therapy) and Cherokee Funding II, LLC (d/b/a Gain Servicing) (collectively, "Defendants"). Doc. 1-1 at 1. In the amended complaint, Plaintiff asserts several state law claims, including a request for declaratory judgment (Count I), breach of contract (Count II), unfair practices under the Illinois Consumer Fraud Act (Count III), and tortious interference with a contract (Counts IV and V). *Id*. at 619–621. In the alternative, Plaintiff brings a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA") to enforce or clarify her rights to benefits under an ERISA plan (Count VI). *Id*. at 622.

This matter was originally filed in the Circuit Court of Cook County, Illinois on February 20, 2025, and was removed to federal court by Defendants on May 23, 2025, after Plaintiff amended her complaint to include the ERISA claim. Doc. 1. Plaintiff now moves to remand her state law claims to state court. Doc. 12. In turn, ATI Holdings moves for dismissal of all claims

and attorneys' fees. Doc. 18.[1] For the reasons set forth below, ATI Holdings' motion to dismiss is granted in part, but attorneys' fees are denied. Assuming Plaintiff does not intend to attempt to re-plead the ERISA claim, Plaintiff's motion to remand is granted, and the state law claims will be remanded to state court.

## BACKGROUND

During the relevant period, Plaintiff was a beneficiary under an ERISA plan (the "Plan") administered and underwritten by United Healthcare Insurance Company of Illinois ("UHC"). Doc. 1-1 at 610. To benefit UHC insureds, UHC's affiliate Optumhealth Care Solutions, Inc. ("Optum") contracted with medical providers to provide in-network services to UHC beneficiaries. *Id.* at 611. One such agreement was between Optum and ATI Holdings, a provider of physical therapy services. *Id*. Pursuant to that agreement, UHC agreed to pay, and ATI Holdings agreed to accept, discounted payments for services rendered to UHC's insureds. *Id.*

When Plaintiff was injured by a third-party tortfeasor, Plaintiff sought physical therapy treatment at ATI Holdings. *Id.* at 610, 613. ATI Holdings submitted bills to UHC for services rendered to Plaintiff, and UHC issued partial payments reflecting bill discounts and claims rejected by UHC as "not medically necessary or unreasonable." *Id.* at 613–14. The disputed amount due was $6,800.44. *Id.* at 614. In response, Defendants imposed a lien under the Illinois Health Care Services Lien Act for the unpaid amount on the legal settlement Plaintiff had received for Plaintiff's injuries. *Id.* As a result, Plaintiff's counsel withheld $6,800.44 from Plaintiff's settlement proceeds. *Id.* at 615. Plaintiff now seeks relief from Defendants' lien, including declaratory judgment that the lien is invalid. *Id.* at 622.

---

[1] Defendant Cherokee Funding II, LLC hedged its bets, asking for an extension of time to answer or otherwise plead in response to Plaintiff's complaint until after the motion for remand was ruled upon. Doc. 25.

According to the allegations in the complaint, Optum's contract with ATI Holdings (the "ATI Holdings Contract")[2] prohibited ATI Holdings from collecting payment from UHC insureds outside of applicable deductibles or copays, or imposing liens on insureds' tort recoveries, even if ATI Holdings disputed the amount due. Doc. 35 ¶¶ 22–24. In other words, ATI Holdings could "pursue remedies under [the ATI Holdings Contract] against Optum" but was required to "hold the Member harmless." *Id.* ¶ 24. Moreover, the ATI Holdings Contract explicitly stated that "if [ATI Holdings] collects payment from, brings a collection action against, or asserts a lien against a Member for Covered Services rendered (other than for the applicable Member Expenses), [ATI Holdings] shall be in breach of this Agreement." *Id.* The ATI Holdings Agreement included internal references to the Plan (*e.g.*, by referring to the "benefit contract" or "covered services"). *Id.* at 19.

The Plan documents included standard subrogation and reimbursement provisions, which permitted the Plan to recover damages on behalf of Plaintiff or to receive reimbursement for benefits paid in connection with injuries caused by a third-party tortfeasor from either Plaintiff or the tortfeasor. Doc. 1-1 at 610–611. Under these provisions, the Plan was entitled to the amount it had paid rather than the value of the medical services provided. *Id.* The Plan was silent

---

[2] The OptumHealth Care Solutions, Inc. Provider Agreement (i.e., the "ATI Holdings Contract") is subject to a stipulated protective order entered in the state court action, Doc. 1-1 at 143–53, and has been filed on this docket under seal. *See* Doc. 35. The Court intends to lift the seal on the ATI Holdings Contract, given that all parties have acknowledged that Optum's template provider agreement is publicly available and mirrors the sealed document in all material respects. Documents "that influence or underpin [a] judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Intern., Inc., v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002). Having reviewed the ATI Holdings Contract as well as the statements both parties have made publicly about it in their briefing, the Court perceives no reason to maintain the seal. However, given that ATI Holdings argued at the July 15, 2025 status hearing on this topic that certain pricing information may be especially sensitive, and that such pricing information is not relevant to the Court's decision, the Court will give ATI Holdings five business days to file any objection to this portion of the order along with a proposed version of Document 35 that redacts only pricing information.

regarding medical providers recovering from patients, including by placing a lien on a patient's settlement proceeds. *See id*.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a case may be dismissed when a plaintiff fails to state a claim upon which relief can be granted. A 12(b)(6) motion is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering such a motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).

To survive a motion to dismiss, a plaintiff need only include "a short and plain statement of a claim that is plausible on its face and entitles them to relief." *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In instances where the sole federal claim is dismissed and there is no additional basis for subject-matter jurisdiction, the district court may decline to exercise its supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). In such cases, the Court has discretion to remand or dismiss the supplemental state law claims. *See* 16 Moore's Federal Practice - Civil § 107.151[2][a] (2024). "If the federal question is eliminated relatively soon after removal, it is ordinarily preferable to remand the case rather than dismiss the case. Remand is

generally preferable to avoid potential procedural problems, such as the effect of the statute of limitations, and the delay and cost of filing new pleadings in state court." *Id*.

## ANALYSIS

ATI Holdings argues for dismissal of all claims because: (1) Plaintiff cannot plausibly plead an ERISA claim against ATI Holdings, as it is not a proper defendant under 29 U.S.C. § 1132(a)(1)(B), and, in the alternative, Plaintiff has failed to exhaust her administrative remedies under the Plan before bringing suit; and (2) Plaintiff's state claims fail because, among other reasons, they are defensively preempted by ERISA. The Court addresses each argument in turn.

### I.     Plaintiff's ERISA Claim (Count VI)

The Court begins with Plaintiff's ERISA claim, the only claim that permitted removal of this case to federal court. The main objective of ERISA is to "protect plan participants and beneficiaries." *Boggs v. Boggs*, 520 U.S. 833, 845 (1997). Specifically, when Congress first enacted ERISA, it was primarily concerned with "the mismanagement of funds accumulated to finance employee benefits and the failure to pay employees benefits from accumulated funds." *Massachusetts v. Morash*, 490 U.S. 107, 115 (1989). As an enforcement mechanism, 29 U.S.C. § 1132(a) sets forth several private causes of action, including the right for a "participant or beneficiary" to bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In general, the civil enforcement provisions under 29 U.S.C. § 1132(a) are designed "to protect contractually defined benefits" set forth in plans. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985).

In this case, the complaint alleges that Plaintiff's ERISA plan provides her the right "not to be subjected to a lien by Defendants." Doc. 1-1 at 622. In support of this argument, the

5

complaint alleges that under the terms of the Plan, the Plan would have been able to put a lien upon Plaintiff's settlement proceeds only up to the amount the Plan had paid for Plaintiff's treatments, not the total value of the medical services provided to Plaintiff. *Id*. at 610. Plaintiff argues this limitation on the Plan "affects [her] cost for medical treatment" and "is part of the benefits conferred on the patient by the ERISA plan." *Id.* at 615–16. As such, Defendants are not permitted to "obtain more money from [Plaintiff]" under the Illinois Health Services Lien Act than is "provided for by the ERISA plan." *Id.* at 616.

ATI Holdings responds that Plaintiff has failed to state a plausible ERISA claim because it is not a suable entity under ERISA, which provides liability only for plans, plan administrators, and any entity that has the obligation to pay benefits under a plan. *See* Doc. 18 at 7. Plaintiff, who believes she was duped into adding the ERISA claim by Defendants, basically agrees and asks the Court to find that "ERISA does not govern this matter." Doc. 29 at 2. Making it unanimous, this Court also agrees that the ERISA claim is not properly pled against these Defendants.

Although ERISA's civil enforcement provision provides clear plaintiffs, it does not define the proper defendants. *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 913 (7th Cir. 2013) ("The statute plainly spells out who may bring this claim—a plan 'participant' or 'beneficiary'—but it does not specify who may be sued. Nor does it limit 'the universe of possible defendants'; indeed, it 'makes no mention at all of which parties may be proper defendants.'"). Numerous cases have held that plans or the entities that control the plans may be sued under 29 U.S.C. § 1132(a)(1)(B). *See, e.g.*, *Leister v. Dovetail, Inc.*, 546 F.3d 875, 879 (7th Cir. 2008) ("The benefits are an obligation of the plan, so the plan is the logical and normally the only proper defendant."). This makes sense, as actions to recover, enforce, or clarify rights under

a contract generally only involve parties to that contract. The Court has not found, and the parties have not cited, any binding precedent addressing whether third-party medical providers are properly suable under ERISA.

But regardless of whether it is possible for a plaintiff to bring a § 1132(a)(1)(B) claim against a third-party medical provider, this plaintiff has not alleged a plausible ERISA claim. To decide whether Plaintiff has plausibly alleged an ERISA claim against Defendants, the operative question is whether she is "seeking benefits under the terms of the plan, or rights that derive from the independent basis of [a] contract." *Concert Health Plan Ins. Co. v. Houston Nw. Partners, Ltd.*, 265 F.R.D. 319, 322 (N.D. Ill. 2010) (citing *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009) in the context of its complete preemption analysis); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) ("[W]here the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls 'within the scope of' ERISA[.]"). Here, there is no indication that the Plan documents confer any rights or obligations on Plaintiff with respect to her relationship with Defendants. In the Plan provisions cited by Plaintiff, it is clear that the Plan has a right to subrogation and reimbursement from Plaintiff. Doc. 1-1 at 610–611. But these provisions do not include any reference to the reimbursement rights of (or limitations on) medical providers. To the contrary, Plaintiff's entire theory of liability rests on the separate contract between Optum and ATI Holdings. Therefore, Plaintiff has not alleged any rights or benefits that apply to or oblige Defendants under the Plan's terms. To the extent ATI Holdings agreed to forgo imposing a lien on Plaintiff, that agreement arose entirely from ATI Holdings' contractual relationship

with Optum, not under the Plan. For these reasons, Plaintiff has failed to state an ERISA claim against Defendants and Count VI is dismissed.

## II. Plaintiff's State Law Claims (Counts I–V)

Having dismissed Plaintiff's sole federal claim, the next question is whether the Court should exercise supplemental jurisdiction over the remaining state law claims. Generally, it is not only permissible but preferable for district courts to yield jurisdiction in the absence of a federal claim. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) ("[A]lthough supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court."). However, Defendants argue that the Court should retain supplemental jurisdiction over the state law claims because they are "defensively preempted" by ERISA. Doc. 24 at 10.

There are two types of ERISA preemption: complete preemption and conflict preemption (i.e., "defensive preemption"). *Admin. Comm. of Wal-Mart Stores, Inc. Associates' Health & Welfare Plan v. Varco*, 338 F.3d 680, 688 n.5 (7th Cir. 2003). Complete preemption is a jurisdictional doctrine that turns a state law claim into a claim under federal law. *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 596 (7th Cir. 2008) ("Complete preemption, really a jurisdictional rather than a preemption doctrine, confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim."). Conflict preemption, on the other hand, operates as a defense to state law claims and provides no independent basis for federal jurisdiction. *Id.* at 601.

ATI Holdings does not allege that any of Plaintiff's state law claims are completely preempted by ERISA and instead focuses its argument on conflict preemption. Doc. 24 at 10–13.

In so doing, ATI Holdings acknowledges that the complaint as originally filed in state court provided no basis for federal removal, as cases cannot be removed on the basis of federal question defenses. *Id.* at 3–4.

While a federal court may retain supplemental jurisdiction when a defense of federal preemption is at play, no authority requires it to do so. *See Graf v. Elgin, Joliet and Eastern Ry. Co.*, 790 F.2d 1341, 1347 (7th Cir. 1986). In determining whether to exercise supplemental jurisdiction, the Court considers "values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). In this case, the Court finds the aforementioned factors weigh in favor of remand. First, the Court finds wholly unpersuasive ATI Holdings' argument that Plaintiff attempted to manipulate the forum by adding an ERISA claim. Plaintiff argues that she added the ERISA claim only at Defendants' prompting after Defendants filed a motion to dismiss the state court case on the basis of ERISA. Given that Plaintiff has consistently argued to this Court that ERISA does not apply, the Court finds Plaintiff's argument that she did not attempt to manipulate the case's remand to federal court to be highly credible. If anything, fairness demands that the case be remanded. Second, while there may be an ERISA preemption defense for some of Plaintiff's claims, ATI Holdings admits there is not an ERISA defense on all of the claims. *See* Doc. 24 at 10. ATI Holdings has also raised the prospect of a state law defense under the Illinois Health Services Lien Act, *see* Doc. 1-1 at 574 (arguing that the state court case should be dismissed because the Illinois Consumer Fraud Act claim was "governed by" the Illinois Health Care Services Lien Act), which indicates that state law issues will predominate in this litigation. Considering that both Plaintiff and ATI Holdings are Illinois residents, the Court concludes that this case involves more state interests than federal ones. For these reasons, comity would counsel in favor of remand. Third, no discovery has taken

place in the federal proceeding, and the case is essentially where it was at the time it was removed to federal court indicating that judicial economy is best served by remand. For those reasons, in the absence of any federal claim providing it with jurisdiction, the Court will remand to state court Counts I–V.

### III. Attorneys' Fees

Finally, the Court turns to ATI Holdings' request for an award of attorneys' fees under 29 U.S.C. § 1132(g). Under this section, the Court "in its discretion may allow a reasonable attorney's fee and costs of action to either party," 29 U.S.C. § 1132(g)(1), so long as "the fee claimant has achieved some degree of success on the merits," *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010). That said, "[e]ven where the plaintiff does not prevail on his or her claim, an award of attorneys' fees against an ERISA plaintiff will rarely be justified." *Leigh v. Engle*, 727 F.2d 113, 139 n.39 (7th Cir. 1984). "For an award of attorney's fees under § 1132(g)(1) to be appropriate, the court must find the non-prevailing party's litigation position was not substantially justified." *Huss v. IBM Med. & Dental Plan*, 418 F. App'x 498, 512 (7th Cir. 2011). In other words, the court should consider whether the losing party's position was "taken in good faith," or if that party was "simply out to harass its opponent." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wisconsin, Inc.*, 657 F.3d 496, 506 (7th Cir. 2011).

The Seventh Circuit has employed a five-factor test to structure the "substantially justified" standard. These factors include:

> (1) The degree of the opposing party's culpability or bad faith; (2) The ability of the opposing party to satisfy an award of fees; (3) Whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) Whether the party requesting the fees sought to benefit all participants and beneficiaries of an

10

> ERISA plan or to resolve a significant legal question regarding ERISA; and (5) The relative merits of the parties' positions.

*Leigh*, 727 F.2d at 139 n.39. Here, only the fifth factor would weigh in favor of an award of fees. That ATI Holdings' motion to dismiss has been granted as to Plaintiff's ERISA claim reflects some degree of success on the merits. However, as previously discussed, there is no evidence that Plaintiff acted in bad faith in adding the ERISA claim and thus no deterrence is necessary. Additionally, the question as to who whether a medical provider could ever be a proper defendant under 29 U.S.C. § 1132(a)(1)(B) has not been definitively resolved by either Illinois courts or in the Seventh Circuit and therefore Plaintiff's addition of the ERISA claim was not baseless. Therefore, on balance, attorneys' fees are not appropriate. ATI Holdings' request for attorneys' fees is denied.

## CONCLUSION

For the foregoing reasons, the Court grants ATI Holdings' motion to dismiss Count VI, but denies attorneys' fees. Because Plaintiff has not adequately pled a federal ERISA claim, Count VI is dismissed without prejudice. Plaintiff is given until February 17, 2026 to file a notice regarding whether or not she intends to file an amended complaint to attempt to state a plausible ERISA claim. To the extent Plaintiff does not intend to attempt to state a plausible ERISA claim, the Court declines to exercise supplemental jurisdiction over Counts I–V, and those claims will be remanded to state court.

Dated: February 10, 2026

                                                                                   APRIL M. PERRY
                                                                                    United States District Judge